UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-04111-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff John C.'s Application for Attorneys' Fees and Costs Under the Equal Access to Justice Act, ECF No. 30. He requests that the Court award him $7,158.07 in attorney's fees and $400.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the application is GRANTED.

BACKGROUND

John filed this suit on June 3, 2019, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability benefits. Compl. 1, ECF No. 1. On February 2, 2020, John moved for summary judgment, Mot. Summ. J., ECF No. 13, and the Commissioner moved for summary affirmance on April 13, 2020, Mot. Summ. Affirmance, ECF No. 17. The Court granted John's motion, denied the Commissioner's motion, reversed the Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Mar. 2, 2021 Order 12, ECF No. 23. Judgment was entered on March 4, 2021. Judgment, ECF No. 24. The Commissioner filed a motion to alter or amend the judgment on March 18, 2021, Mot. Alter or Amend, ECF No. 25, which the Court denied on January 5,

2022, Jan. 5, 2022 Order 11, ECF No. 27.  The Commissioner filed an initial stipulation for attorney's fees on March 28, 2022, Stipulation, ECF No. 29, and, upon the Court's request, *see* Apr. 19, 2022 Text Order, John filed the instant application on April 26, 2022.  The Commissioner has not filed any opposition to his application.

## DISCUSSION

### I. Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, John is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether John's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative

agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  In Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final.  *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended.").  Where, as here, one party is a United States officer sued in an official capacity, the parties have 60 days to appeal.  *See* Fed. R. App. P. 4(a)(1)(B).  Moreover, if a party timely files a motion under Federal Rule of Civil Procedure 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4)(A).

Judgment was entered in this case on March 4, 2021; the Commissioner then timely filed a motion to alter or amend the judgment on March 18, 2021.[1]  *See* Fed. R. Civ. P. 59(e) (providing that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").  The Court resolved this motion on January 5, 2022; either party would have had 60 days from that date to appeal, plus the 30-day allowance in accordance with Section 2412(d)(1)(B).  Thus, John must have made his EAJA application within 90 days of the Court's resolution of the motion to alter or amend the judgment.  The initial stipulation was filed on March 28, 2022, 82 days after the entry of the Court's order.  As such, the request is timely.

The next issue is whether the government's position was "substantially justified."  Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724

---

[1] The Commissioner moved in the alternative for relief under Federal Rule of Civil Procedure 60.  Mot. Alter or Amend 1.  The Court found that the Commissioner's argument as to Rule 60 was undeveloped and therefore waived. Jan. 5, 2022 Order 10–11 n.9.  Even if the Court had construed the motion as having been brought under Rule 60, the instant EAJA application would still be considered timely.  When a Rule 60 motion is filed no later than 28 days after the judgment is entered—as this one was—the time to appeal runs from the entry of the order resolving the motion, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and thus either party would have had 60 days from the entry of the Court's order to appeal, *see id*. (a)(1)(B), plus a further 30 days to file the EAJA motion, 28 U.S.C. § 2412(d)(1)(B).

(7th Cir. 2004).  For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  Critically, the Commissioner has the burden of proving that her position was substantially justified.  *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)).  Here, the Commissioner has filed no opposition to the application for fees and costs.  She thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust.  Therefore, John is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of John's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate.  *Id*. at 433.  The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience.  An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

4

To determine the appropriate number of hours worked, the Court turns to John's attorneys' itemization of hours, Time Log, Appl. Att'y Fees Ex. C, ECF No. 30-3. The itemization shows that John's attorneys spent 3.2 hours on this case in 2019, 25.5 hours in 2020, and 3.3 hours in 2021 and 2022, with a further 4.85 hours spent on the case by support staff. *Id*. The Court finds that all 36.85 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

John's attorneys assert that their work should be compensated at the hourly rates of $205.25 for work performed in 2019, $207.78 for work performed in 2020, and $217.54 for work performed in 2021 and 2022. Appl. Att'y Fees 4; *see also* Time Log 2. To justify the requested rates, they point to the change in the consumer price index ("CPI") for consumers nationwide[2] between the time Congress set the rate cap at $125 per hour (March 1996) and the average CPIs of the years in which they performed the work in this case. Appl. Att'y Fees 4–5. Further, one of John's attorneys has provided a declaration affirming that the requested rates are significantly lower than the hourly rate she charges for non-contingency matters and than the effective hourly rates in other cases in which she has been awarded attorney's fees. *See* Marcus Decl. ¶¶ 8, 9, Appl. Att'y Fees Ex. E, ECF No. 30-5.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the changes in the CPI and by the assurances contained in the declaration that the rates of compensation sought are not excessive. To determine what fee increase above the statutory

---

[2] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI. *See, e.g., Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs). The Court will follow John's attorneys' lead and use the national CPI in its calculations.

ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed between 2019 and 2022. The average national CPI for 2019 was 255.657; the average national CPI for 2020 was 258.811; and the average national CPI for 2021 was 270.970.[3] *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2022 and check "include annual averages") (last visited May 11, 2022). As the national CPI in March 1996 was 155.7, *id.*, the CPI had increased by a factor of 1.64198 for 2019, 1.66224 for 2020, and 1.74033 for 2021. An increase of the $125 statutory cap to $205.25 for 2019, $207.78 for 2020, and $217.54 for 2021 is therefore warranted. Using these rates, the total amount of attorney's fees for the 3.2 hours of work John's attorneys performed in 2019 is $656.80, the total amount of attorney's fees for the 25.5 hours of work John's attorneys performed in 2020 is $5,298.39, and the total amount of attorney's fees for the 3.3 hours of work John's attorneys performed in 2021 and 2022 is $717.88, coming to a total of $6,673.07. *See* Time Log 2.

---

[3] In calculating the rate for work performed in 2021 and 2022, John uses only the national average from 2021. *See* Appl. Att'y Fees 4. Because using only the national average from 2021 results in a lesser increase of the $125 statutory cap than using the national average from both 2021 and 2022, the Court will follow John's lead and use only the national average from 2021. *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited May 11, 2022) (showing that the average national CPI for 2022 through April 2022 is 285.369).

John further asserts that the work performed by support staff should be compensated at an hourly rate of $100.00. Appl. Att'y Fees 6. This hourly rate is reasonable. *See Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (collecting cases awarding a $100.00 hourly rate to law clerks and paralegals). In this case, support staff expended a total of 4.85 hours. *See* Time Log 2. This results in a total of $485.00. Combining this figure with that for the attorneys' work, $6,673.07, yields a total of $7,158.07. This is the amount requested, *see* Appl. Att'y Fees 7, which is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates). The Court also finds the requested $400.00 in costs appropriate, for a total award of $7,558.07.

## CONCLUSION

Accordingly, the Application for Attorneys' Fees and Costs Under the Equal Access to Justice Act, ECF No. 30, is GRANTED. Pursuant to the EAJA, Plaintiff John C. is awarded $7,158.07 in attorney's fees and $400.00 in costs. This amount may be offset to satisfy any pre-existing debt that John owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). John has provided a valid assignment of fees, *see* EAJA Fee Assignment, Appl. Att'y Fees Ex. A, ECF No. 30-1, so if the Commissioner can verify that John does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If John does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that

any check for the remainder after offset be made payable to John and mailed to the business address of John's attorneys.

    Entered this 16th day of May, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
